COOLEY LLP

WILLIAM P. DONOVAN, JR. (SBN 155881)
wdonovan@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

ANNE PECK (SBN 124790)
AARON FENNIMORE (SBN 251602)
peckah@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

MATTHEW D. CAPLAN (SBN 260388)
mcaplan@cooley.com
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendants
ELITE WORLD, S.A., S.M.S. FINANCE,
S.A., PACIFIC GLOBAL MANAGEMENT,
S.A.R.L., AND PACIFIC CAPITAL, S.A.R.L.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ME RENEE LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELITE WORLD, S.A., et al.,<br><br>Defendants. | Case No. 14-cv-03299-R (MRWx)<br><br>*Assigned to the Hon. Manuel L. Real*<br><br>**DEFENDANTS ELITE WORLD, S.A., S.M.S. FINANCE, S.A., PACIFIC GLOBAL MANAGEMENT, S.A.R.L., AND PACIFIC CAPITAL, S.A.R.L.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b), 12(b)(2), AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 4, 2014<br>Time: 10:00 a.m.<br>Room: 8 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012-4701, defendants Elite World, S.A. ("Elite World"), S.M.S. Finance, S.A. ("SMS"), Pacific Global Management, S.A.R.L. ("PGM"), and Pacific Capital, S.A.R.L. ("Pacific Capital"; collectively, the "Moving Defendants") will and hereby do move this Court to dismiss the claims asserted against them in plaintiff Me Renee LLC's ("Me Renee") First Amended Complaint ("Complaint" or "FAC") with prejudice pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6).

This motion is brought on the grounds that the Court cannot exercise personal jurisdiction over Elite World, SMS, PGM, and Pacific Capital because they are all European companies, without ties to California, and Me Renee's claims do not arise from any of their activities in California.

Furthermore, all of Me Renee's claims against the Moving Defendants should be dismissed because Me Renee fails to state a claim against them. Me Renee, allegedly standing in the shoes of non-party Licensing Holding Group, LLC, asserts breach of contract, breach of the covenant of good faith and fair dealing, and fraud claims against the Moving Defendants premised on a settlement agreement that some, but not all, of the defendants are parties to.

Me Renee cannot state breach of contract or breach of the covenant of good faith and fair dealing claims against SMS, PGM, and Pacific Capital because they are not parties to the allegedly breached contract. Similarly, Me Renee's breach claims against Elite World fail because Me Renee does not claim that Elite World breached any of its obligations under the agreement at issue.

Lastly, the Court should dismiss Me Renee's fraud claim because it is not pled in accordance with Rule 9(b), and because Me Renee fails to allege all elements of fraud. In particular, Me Renee cannot assert a fraud in the inducement

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

1.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

1   claim against SMS, PGM, and Pacific Capital because they are not parties to the

2   alleged fraud, and, as Me Renee admits, were not affiliated with any of the parties

3   to this dispute until well-over a year after the settlement agreement was signed.

4        This motion is based on this notice, the memorandum of points and

5   authorities below, the declarations of Paolo Barbieri, and Stefania Valenti, and such

6   other and further papers and arguments as may be submitted to the Court.

7   Dated:  June 5, 2014              COOLEY LLP

8                                     WILLIAM P. DONOVAN, JR.

9                                     /s/ William P. Donovan, Jr.

10                                    William P. Donovan, Jr.
                                      Attorneys for Defendants
                                      ELITE WORLD, S.A., S.M.S. FINANCE,

11                                    S.A., PACIFIC GLOBAL
                                      MANAGEMENT, S.A.R.L., AND

12                                    PACIFIC CAPITAL, S.A.R.L.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1                          2.              DEFENDANTS' NOTICE OF MOTION
                                                      AND MOTION TO DISMISS
                                                      14-CV-03299-R (MRWx)

# Table of Contents

**Page**

I.  INTRODUCTION .................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................... 2

    A.  The Moving Defendants Do Not Have Any Jurisdictionally Relevant Contacts With California ...................................... 2

    B.  Prior Litigation Between LHG-ULG And Elite ....................... 3

    C.  Me Renee's Allegations ............................................................ 5

III.  THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS .............. 6

    A.  Legal Standard ......................................................................... 6

    B.  The Court Cannot Exercise General Jurisdiction Over The Moving Defendants ........................................................ 8

    C.  There Is No Basis To Exercise Specific Jurisdiction Over the Moving Defendants ............................................... 8

        1.  The Moving Defendants Have Not Purposefully Availed Themselves Of The Privileges Of Conducting Activities In California ................... 9

        2.  Me Renee's Claims Do Not Arise From Any Of The Moving Defendants' Forum-Related Activities ............ 11

        3.  It Would Be Unreasonable To Exercise Jurisdiction Over The Moving Defendants In This Case .................... 12

IV.  ME RENEE FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS .................................................................. 14

    A.  Legal Standard ....................................................................... 15

    B.  Me Renee's Fraud Claim Is Insufficiently Pled ................... 16

        1.  Me Renee's fraud claim is not pled with particularity ............ 16

        2.  Me Renee does not plead all elements of fraud with respect to SMS, PGM, and Pacific Capital ............... 17

    C.  Me Renee's Breach of Contract Claim Fails .......................... 17

        1.  Me Renee cannot state a claim for breach of contract against SMS, PGM, and Pacific Capital because they are not parties to the Settlement Agreement or the New Licensing Agreement .......... 18

        2.  Me Renee cannot state a claim for breach of contract against Elite World Because Me Renee does not allege that Elite World Breached any of its duties under the Settlement Agreement, and Elite World is not a party to the New Licensing Agreement ............ 18

    D.  Me Renee Cannot Maintain Its Claim For Breach Of The Covenant Of Good Faith And Fair Dealing .................. 19

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

i.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**14-CV-03299-R (MRWx)**

**Table of Contents**
**(continued)**

Page

1.   Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against SMS, PGM, and Pacific Capital because they are not parties to the Settlement Agreement or the New Licensing Agreement ........ 20

2.   Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against any of the Moving Defendant because there is no special relationship between them and Me Renee .................................................... 20

3.   Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against any Moving Defendant because the claim is impermissibly duplicative of the breach of contract claim ................................................ 21

4.   Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against Elite World because Me Renee does not allege that Elite World frustrated the purpose of its agreement with LHG-ULG ................................ 22

V.   CONCLUSION ............................................ 23

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

ii.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

# Table of Authorities

**Page(s)**

## Cases

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir. 1988) ...................................................................... 15

*Asahi Metal Indus. Co., Ltd. v. Superior Court*,
   480 U.S. 102 (1987) ...................................................................... 12, 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................... 15

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ...................................................... 7, 9, 10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ...................................................................... 10

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) ...................................................... 16, 17

*Calder v. Jones*,
   465 U.S. 783, 104 S. Ct. 1482 (1984) ........................................... 9

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n*,
   125 F. Supp. 2d 1194 (C.D. Cal. 2000) ......................................... 12, 13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990) ...................................................... *passim*

*Core-Vent Corp. v. Nobel Indus AB.*,
   11 F.3d 1482 (9th Cir. 1993) ........................................................ 13, 14

*Daimler AG v. Bauman*,
   571 U.S. ___, 134 S. Ct. 746 (2014) ............................................ 8

*De La Cruz v. Tormey*,
   582 F.2d 45 (9th Cir. 1978) .......................................................... 15

*Gray & Co. v. Firstenberg Mach. Co. Inc.*,
   913 F.2d 758 (9th Cir. 1990) ........................................................ 10, 12, 13

*Gruenberg v. Aetna Ins. Co.*,
   9 Cal. 3d 566 (1973) ..................................................................... 20, 23

*Guz v. Bechtel Nat. Inc.*,
   24 Cal. 4th 317 (2000) .................................................................. 21, 22, 23

*Harris v. Wachovia Mortgage, FSB*,
   185 Cal. App. 4th 1018, 1023 (2010) ........................................... 21

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

iii.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

**Table of Authorities**
**(continued)**

Page(s)

*Henry v. Associated Indem. Corp.*,
217 Cal. App. 3d 1405 (1990) ................................................................ 18, 20

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ................................................................................... 7

*Lake v. Lake*,
817 F.2d 1416 (9th Cir. 1987) ................................................................ 11

*Ledet v. Cal. Waste Solutions, Inc.*,
2013 U.S. Dist. LEXIS 37214 (N.D. Cal. Mar. 18, 2013) .......................... 18, 20

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .................................................................. 15

*Moore v. Kayport Package Express*,
885 F.2d 531 (9th Cir. 1989) .................................................................. 16, 17

*Pavlovich v. Superior Court*,
29 Cal. 4th 262 (2002) .............................................................................. 7

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ................................................................ 7, 9

*Rano v. Sipa Press, Inc.*,
987 F.2d 580 (9th Cir. 1993) .................................................................. 7, 13

*Rocke v. Canadian Auto. Sport Club*,
660 F.2d 395 (9th Cir. 1981) .................................................................. 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir. 1986) ................................................................ 15

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .................................................................. 16, 17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ................................................................................. 15

*Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn.*,
12 Cal. App. 4th 1354 (1993) ................................................................ 18, 19

*U.S. v. Ritchie*,
342 F.3d 903 (2003) ................................................................................. 15

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ................................................................ 15, 16

**Statutes**

Cal. Code Civ. Proc. § 410.10 ................................................................ 7

Cooley LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

iv.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Authorities**
**(continued)**

**Page(s)**

**Other Authorities**

Fed. R. Civ. Proc. 4................................................................................6, 7

Fed. R. Civ. Proc. 9...................................................................1, 2, 15, 16

107229234 v1

v.

**DEFENDANTS' NOTICE OF MOTION**
**AND MOTION TO DISMISS**
**14-CV-03299-R (MRWx)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This lawsuit was filed by a party whom the Moving Defendants have never contracted with, based on a settlement agreement that three of the Moving Defendants are not even parties to.  As for the fourth Moving Defendant, Elite World undertook no obligations pursuant to the settlement agreement beyond a release of claims, and is not even a party to the allegedly breached portion of the settlement agreement.  In fact, the allegations in this case go to a dispute concerning an agreement within the settlement agreement that is expressly limited to parties other than the Moving Defendants—entities that are either not parties to this litigation or who have not been served yet.  Elite World is expressly excluded from this separate agreement, and SMS, PGM, and Pacific Capital are not even parties to the settlement agreement.  In fact, they were in no way involved in this dispute until over a year after the parties entered into the settlement agreement when PGM acquired a controlling interest in Elite World by purchasing Elite World stock on the open market.  Despite this, Me Renee attempts to sue all of the Moving Defendants not only for breach of an agreement to which they are not even parties, but for breach of the covenant of good faith and fair dealing, and fraud.

SMS, PGM, Pacific Capital, and Elite World now move to dismiss Me Renee's Complaint against them with prejudice.  First and foremost, this Court cannot exercise personal jurisdiction over them.  As Me Renee concedes in the Complaint, all of the Moving Defendants are foreign companies who primarily operate in Europe.  They have no jurisdictionally relevant contacts with California, and Me Renee's claims do not arise out of any of the Moving Defendants' activities in California.  Plus, the settlement agreement does not contain a forum selection or choice of law provision.

Moreover, even if the Court determines that it can exercise jurisdiction over any of the Moving Defendants, Me Renee's claims are still lacking.  Me Renee

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

1.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

cannot assert breach of contract or breach of the covenant of good faith and fair dealing claims against SMS, PGM, and Pacific Capital because they are not even parties to the settlement agreement.  With respect to Elite World, Me Renee's breach claims fail because Me Renee does not allege that Elite World breached any of its obligations under the settlement agreement—the claims relate to duties and obligations of parties other than Elite World.  Lastly, Me Renee's fraud claim is insufficiently pled under Rule 9(b), and fails to allege all elements of fraud as to SMS, PGM, and Pacific Capital.  For these reasons, the Court should dismiss Me Renee's claims against the Moving Defendants with prejudice.

## II.   STATEMENT OF FACTS

### A.   The Moving Defendants Do Not Have Any Jurisdictionally Relevant Contacts With California

Each of the Moving Defendants is a foreign entity, with their operations and principal places of business abroad.  In particular, (1) SMS is a financial holding company formed under the laws of Luxembourg with its headquarters, principal place of business, and sole office in Luxembourg (Declaration of Paolo Barbieri ["Barbieri Dec."], ¶¶ 1-3; FAC ¶ 6); (2) likewise, Pacific Capital is an investment firm formed under the laws of Luxembourg with its headquarters, principal place of business, and sole office in Luxembourg (Barbieri Dec., ¶¶ 1, 16-17; FAC ¶ 8); (3) PGM is a talent management company formed under the laws of Luxembourg with its headquarters, and principal place of business in Luxembourg (Barbieri Dec., ¶¶ 1, 30-31; FAC ¶ 7); and finally (4) Elite World is the world's leading model management company and was formed under the laws of Germany with its headquarters, and principal place of business in Luxembourg (Declaration of Stefania Valenti ["Valenti Dec."], ¶¶ 2-3; FAC ¶ 2).

SMS owns Pacific Capital and PGM.  Barbieri Dec., ¶¶ 1, 44.  In or about September 2010, PGM acquired a controlling interest in Elite World through a series of purchases of Elite World stock on the Frankfurt Stock Exchange.  Barbieri

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1                    2.                    DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

Dec., ¶¶ 1, 44; Valenti Dec., ¶ 1.  Neither SMS nor Pacific Capital directly own any shares of Elite World.  *Id.*

The Moving Defendants primarily conduct their business in Europe, and none of them have any jurisdictionally relevant ties to California.  For example, they:

- Do not own any property in California;
- Do not lease any property in California;
- Have no offices in California
- Have no bank accounts in California;
- Have no employees in California
- Are not registered to do business in California;
- Do not advertise in California;
- Do not solicit business in California;
- Do not provide services in California; and
- Do not pay any taxes either to the State of California or to cities in California.

Barbieri Dec., ¶¶ 4-14, 18-28, 32-42; Valenti Dec., ¶¶ 4-14.

Additionally, litigating this case in California would be extremely burdensome on the Moving Defendants because all of their employees and potential witnesses are located outside of California, primarily in Luxembourg, and none of their files and records are located in California.  Barbieri Dec., ¶¶ 15, 29, 43; Valenti Dec., ¶ 15.

### B.  Prior Litigation Between LHG-ULG And Elite

Non-party Licensing Holding Group, LLC ("LHG") and defendant Elite Licensing Company, S.A. ("Elite Licensing") entered into an "International Licensing Agreement" in February 2008 in which "Elite Licensing licensed to LHG the right to exploit Elite trademarks in connection with fashion products in the United States."  FAC, Exh. A at § I(A).  LHG and Elite Licensing also had two

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

other licensing agreements "pursuant to which Elite Licensing licensed to LHG the right to exploit Elite trademarks in connection with shampoo," and "the right to use and exploit the Elite trademarks in connection with 'Elite Fashion Academies.'" *Id.* at §§ I(B), I(C).

In August 2009 LHG, along with non-parties United Licensing Group, Inc., Jimmy Esebag, and Patrick Bertranou (collectively, "LHG-ULG") sued Elite Licensing, Elite Model Management, S.A.R.L. ("Elite Model Management"), Elite World, and Bernard Hennet for fraud, and negligent misrepresentation with respect to these licensing agreements despite the fact that only LHG and Elite Licensing were parties to the agreements. *Id.* at § I(E); FAC, ¶ 15.

The parties to that lawsuit entered into a settlement agreement in October 2009. FAC, ¶ 18, Exh. A (the "Settlement Agreement"). Under the terms of the Settlement Agreement, all of the parties to the agreement—LHG, United Licensing Group, Inc., Jimmy Esebag, Patrick Bertranou, Elite Licensing, Elite Model Management, Mr. Hennet, and Elite World—released all claims against each other "from the beginning of time to October 23, 2009," and terminated any "agreements of any kind existing between" them. FAC, ¶ 18, Exh. A at §§ II(A), II(B). Beyond this release, the Settlement Agreement imposes no other burdens, obligations, or conditions on Elite World, Elite Model Management, and Mr. Hennet. FAC, Exh. A. SMS, PGM, and Pacific Capital are not parties to the Settlement Agreement. *Id.*

In exchange for the release, Elite Licensing—and only Elite Licensing—agreed to appoint LHG as a "non-exclusive broker" to "find new licensees of Elite Licensing," and Elite Licensing and LHG—and only Elite Licensing and LHG —entered into the New Licensing Agreement. FAC, ¶ 18, Exh. A at §§ II(C), II(D) ("LHG and Elite Licensing hereby enter into a new agreement ('New License')."). Under the terms of the New Licensing Agreement, Elite Licensing "grant[ed] to LHG the right to act as a so-called 'Master Licensee' of the trademarks registered

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

by Elite Licensing solely for the purpose of sub-licensing to third parties the right to create, open and operate Elite Fashion Academies (the 'Sub-License(s)')" subject to certain "terms and conditions." FAC, Exh. A at § II(D)(1). Pertinent to this lawsuit, those terms and conditions include:

- "Any Sub-License that LHG wishes to enter into must first be approved by Elite Licensing in writing, such approval not to be withheld unreasonably." *Id.* at § II(D)(1)(b); and

- "The territory of this New License is the world excluding China and Hong Kong." *Id.* at § II(D)(1)(a).

Additionally, the New Licensing Agreement contemplates a "separate long-form agreement on these terms" between Elite Licensing and LHG. *Id.* at § II(D)(2). The Moving Defendants are not parties to the New Licensing Agreement. *Id.* at § II(D). Finally, neither the Settlement Agreement, nor the New Licensing Agreement contain a choice of law, or forum selection clause. FAC, Exh. A. This lawsuit arises from an alleged breach of the New Licensing Agreement.

### C.    Me Renee's Allegations

Me Renee claims that LHG-ULG assigned their rights under the Settlement Agreement to Me Renee, including related tort claims. FAC, ¶ 19. Me Renee asserts claims, standing in LHG-ULG's shoes, against all defendants for breach of the Settlement Agreement—entirely premised on an alleged breach of the New Licensing Agreement—breach of the covenant of good faith and fair dealing, and fraud. FAC, ¶¶ 32-50.

Me Renee alleges that the Settlement Agreement was breached because the defendants "unreasonably withh[eld] approval of any and all sub-licenses that Renee wished to enter into in violation of Section (1)(b) of the New License Agreement." FAC, ¶ 35. Section (1)(b) of the New License Agreement, however, provides that "[a]ny Sub-License LHG wishes to enter into must first be approved by *Elite Licensing* in writing, such approval not to be withheld unreasonably."

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1                                    5.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

FAC, Exh. A at § II(D)(1)(b) (emphasis added).  Similarly, Me Renee claims that the defendants breached the covenant of good faith and fair dealing by "unreasonabl[y] refus[ing] to approve any sublicenses submitted by Renee to Defendant."  FAC, ¶ 41.

Finally, Me Renee alleges that all of the defendants fraudulently induced LHG-ULG into entering into the Settlement Agreement.  *Id.* at ¶¶ 43-50.  But, Me Renee only attributes alleged representations to "the Elite Defendants and Hennet," and admits that SMS, PGM, and Pacific Capital played no role whatsoever in this dispute until, at the earliest, the "spring of 2011"—a year and a half after the parties entered into the Settlement Agreement—when PGM allegedly "became the controlling shareholder of Elite World."  *Id.* at ¶¶ 16, 21.  Me Renee does not allege who made what representations to LHG-ULG on behalf of the entity defendants, or where or when any of the representations were made.  *Id.* at ¶¶ 16, 44.

SMS, PGM, Pacific Capital, and Elite World now move to dismiss all of the claims Me Renee asserts against them with prejudice because this Court cannot exercise personal jurisdiction over them, and because Me Renee has not stated a claim against them.

## III.   THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS

### A.   Legal Standard

A federal court may exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; who is…served within a judicial district of the United States…or when authorized by a federal statute."  Fed. R. Civ. Proc. 4(k)(1).  Here, the Court's power to exercise personal jurisdiction over the Moving Defendants must be analyzed under California's personal jurisdiction law because the Court is located in California, Defendants were served in Europe, and there is no federal

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1                    6.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

statute that authorizes personal jurisdiction in this case.  *See* Dkt. Nos. 11-14 (proofs of service on Defendants filed by Me Renee).[1]

California's long-arm statute extends California courts' power to exercise personal jurisdiction to the limits of due process under the Constitutions of California and the United States. Cal. Code Civ. Proc. § 410.10.  The issue of personal jurisdiction, then, is evaluated under the minimum contacts analysis of *International Shoe Company v. Washington* and its progeny. *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Pavlovich v. Superior Court,* 29 Cal. 4th 262, 268 (2002).  Under this standard, a court has personal jurisdiction over a non-resident defendant if: (1) the defendant has a continuous and systematic presence in the state (*general* jurisdiction); or (2) the defendant has "minimum contacts" with the forum state such that the exercise of jurisdiction "'does not offend traditional notions of fair play and substantial justice'" (*specific* jurisdiction).  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).  "[T]he plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto*, 539 F.3d at 1015.  The burden is even greater when it comes to foreign defendants, like the movants: "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). Here, the Court does not have the power to exercise jurisdiction over the Moving Defendants because they are not subject to general jurisdiction in California, and it would be improper to exercise specific jurisdiction over them for this case.

---

[1] Federal Rule of Civil Procedure 4(k)(2) does not provide a basis for jurisdiction because Me Renee's claims do not "arise[] under federal law." Fed. R. Civ. Proc. 4(k)(2); *see generally* FAC.  Additionally, exercising jurisdiction under Rule 4(k)(2) would be inappropriate because, as explained herein, it would be inconsistent with the United States Constitution. *Id.*; *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1                    7.                    DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

**B.**    **The Court Cannot Exercise General Jurisdiction Over The Moving Defendants**

"[A] court may assert jurisdiction 'to hear any and all claims against [a corporation]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [the corporation] essentially at home in the forum State.'"  *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  A foreign entity is "essentially at home in the forum State" only if it has "continuous and systematic" "affiliations" with the State that are "comparable to a domestic enterprise in that State"—i.e. the entity is incorporated in, or has its principal place of business in the forum State.  *Id.* at 758, n.11 (quotations omitted).  The Moving Defendants are not at home in California.

The Moving Defendants are all foreign entities formed under the laws of Luxembourg (SMS, PGM, and Pacific Capital), or Germany (Elite World).  Barbieri Dec., ¶¶ 1-3, 16, 30; Valenti Dec., ¶ 2; FAC, ¶¶ 2, 6-8.  None of the Moving Defendants own or lease property in California, have offices in California, have bank accounts in California, are registered to do business in California, solicit business in California, provide services in California or to California residents, or pay taxes to the State of California or to cities in California.  Barbieri Dec., ¶¶ 4-14, 18-28, 32-42; Valenti Dec., ¶¶ 4-14.  Accordingly, the Moving Defendants cannot be said to be at home in California, and are not subject to general jurisdiction in California.  *See Bauman*, 134 S. Ct. at 751, 758, n.11.

**C.**    **There Is No Basis To Exercise Specific Jurisdiction Over the Moving Defendants**

It would also be inappropriate for the Court to exercise specific jurisdiction over the Moving Defendants.  In the Ninth Circuit, courts undertake a three-part inquiry to determine whether a non-resident defendant has sufficient minimum contacts with the forum to justify the exercise of specific personal jurisdiction.

First, the plaintiff must make a prima facie showing that "the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum." *Pebble Beach Co.*, 453 F.3d at 1155.  "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487 (1984).  Second, the plaintiff's claim must "arise[] out of or result[] from the defendant's forum-related activities." *Pebble Beach Co.*, 453 F.3d at 1155.  Third, "the exercise of jurisdiction [must be] reasonable"—i.e., consistent with the non-resident defendant's right to due process. *Id.*

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Id.* (quotations omitted).  The plaintiff bears the burden of proving the first two conditions. *Id.*  If the plaintiff carries this burden, the defendant must make a compelling showing that the exercise of jurisdiction would be unreasonable. *Boschetto*, 539 F.3d at 1016.  "But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Id.*  Me Renee cannot meet this burden.

### 1. The Moving Defendants Have Not Purposefully Availed Themselves Of The Privileges Of Conducting Activities In California

Me Renee cannot demonstrate that the Moving Defendants purposely availed themselves of the benefits of conducting business in California in a manner sufficient to support the exercise of personal jurisdiction in this case.  To do so, Me Renee would have to show that each Moving Defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (citations and quotations omitted).  In "evaluat[ing] the jurisdictional significance of a defendant's contract or other business in the forum" the Court should be "practical and pragmatic" rather than "rigid and formalistic." *Id.*  The fact that a non-resident defendant forms a contract

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

9.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

with a California resident "is not, standing alone, sufficient to create jurisdiction." *Id.* at 1017 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." (emphasis in original)); *see also Gray & Co. v. Firstenberg Mach. Co. Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) ("A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction.").

Me Renee premises its claims on an alleged breach of the settlement agreement between LHG-ULG, Elite Licensing, Elite Model Management, Elite World, and Mr. Hennet. *See generally* FAC. SMS, PGM, and Pacific Capital, however, are not even parties to the Settlement Agreement, and the fact that Elite World is a party to the agreement is not enough to establish minimum contacts. FAC, Exh. A, p. 1; *Burger King Corp.,* 471 U.S. at 478. SMS, PGM, and Pacific Capital's connection to the Settlement Agreement is even more attenuated because they were entirely unrelated to any of the parties to the settlement agreement until approximately a year after the Settlement Agreement was signed when PGM acquired a controlling interest in Elite World. FAC, ¶¶ 16, 21; Barbieri Dec., ¶¶ 1, 44.

There is simply no allegation that any Moving Defendant acted at all to "promote[] the transaction of business within the forum state," or that their actions were directed at California. *Boschetto*, 539 F.3d at 1016. In fact, the declarations submitted in support of this motion demonstrate to the contrary: the Moving Defendants are not involved in business in California. Barbieri Dec., ¶¶ 2-43; Valenti Dec., ¶¶ 2-15. As Me Renee cannot meet its burden to show that the Moving Defendants have the requisite minimum contacts with California, the Court cannot exercise jurisdiction over them, and Me Renee's claims against them should be dismissed. *Boschetto*, 539 F.3d at 1016-17.

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

10.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

**2.   Me Renee's Claims Do Not Arise From Any Of The Moving Defendants' Forum-Related Activities**

Even if the Court finds that any Moving Defendant has purposefully availed itself of the laws of California, the Court should still decline to exercise jurisdiction because Me Renee's claims do not arise from any of the Moving Defendants' activities in California. "[A] high degree of relationship is needed where there is only one contact with the forum state. In order to support jurisdiction with only one forum state contact, the cause of action must arise out of that particular purposeful contact of the defendant with the forum state." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Here, the Moving Defendants' alleged conduct primarily took place in Europe, and purportedly affected Me Renee's proposed licensing deals, which almost entirely involve entities outside of California. The crux of Me Renee's complaint is that the defendants "unreasonably refused to approve" Me Renee's proposed sub-licenses for Elite Fashion Academies in "Dubai and other areas of the Middle East," Brazil, Pakistan, Singapore, Malaysia, the United Kingdom, New York, Miami, and Newport Beach. FAC, ¶¶ 23-27, 29. There is also a dispute over the use of Elite Licensing's trademarks in the "United Arab Emirates, Egypt, Lebanon, Syria, Jordan, Iraq, Kuwait, Bahrain, Kingdom of Saudi Arabia, Qatar, Oman, Yemen and Iran." *Id.* at ¶ 28. As Me Renee concedes, the Moving Defendants are foreign entities who operate abroad. *Id.* at ¶¶ 2, 6-9. The Moving Defendants' decision-making process in allegedly "refusing to approve" proposed sub-licenses, then, necessarily took place where they do business, primarily in Luxembourg, and relates to the use of the Elite Licensing trademarks outside of California. *Id.*; *see also* Barbieri Dec., ¶¶ 1-3, 16-17, 30-31; Valenti Dec., ¶¶ 1-3. Aside from the one alleged proposed Newport Beach sub-license, all of the transactions Me Renee complains of involve the use of the Elite Licensing trademarks outside of California. FAC, ¶¶ 23-29. Lastly, there is no choice of law

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

11.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

provision, or forum selection clause in the Settlement Agreement or the New Licensing Agreement.  FAC, Exh. A.  Accordingly, Me Renee's claims do not arise from the Moving Defendants' forum-related activities because the alleged actions that underpin this lawsuit took place in Europe, and by and large are related to activities outside of California.

### 3.   It Would Be Unreasonable To Exercise Jurisdiction Over The Moving Defendants In This Case

In the event the Court is satisfied that Me Renee has established that the Moving Defendants have sufficient contacts with California, and that Me Renee's claims arise from those contacts, the Court should nonetheless dismiss the claims because it would be unreasonable to exercise jurisdiction over the Moving Defendants.  "The reasonableness determination requires consideration of seven factors: [1] the extent of purposeful interjection; [2] the burden on the defendant to defend the suit in the chosen forum; [3] the extent of conflict with the sovereignty of the defendant's state; [4] the forum state's interest in the dispute; [5] the most efficient forum for judicial resolution of the dispute; [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and [7] the existence of an alternative forum."  *Gray & Co.*, 913 F.2d at 761.  Additionally, when addressing foreign defendants, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987); *see also Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1206 (C.D. Cal. 2000) ("'The foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context.'")  (quoting *Core-Vent Corp. v. Nobel Indus AB.*, 11 F.3d 1482, 1486 (9th Cir. 1993)).

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

12.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

1    Applied here, these factors demonstrate that asserting personal jurisdiction

2   over the Moving Defendants in this case would not comport with due process.  At

3   the outset, the fact that the Moving Defendants are unquestionably foreign entities

4   "tends to undermine the reasonableness of personal jurisdiction.'"  *Callaway*, 125

5   F. Supp. 2d at 1206  (quoting *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395,

6   399 (9th Cir. 1981)); *see also Asahi Metal*, 480 U.S. at 114; *Rano*, 987 F.2d at 588.

7   Indeed, the extent of the Moving Defendants' alleged "purposeful interjection" in

8   California is attenuated at best.  SMS, PGM, and Pacific Capital are not even

9   parties to the Settlement Agreement, and were not involved in its negotiation.

10  FAC, ¶ 21; Exh. A.  As for Elite World, the Settlement Agreement merely provides

11  for a mutual release of claims—no other material burden or obligation is placed

12  upon Elite World.  FAC, Exh. A.

13    Additionally, litigating this case in California would impose a large burden

14  on the Moving Defendants.  *Rocke*, 660 F.2d at 399 (holding that the burden on a

15  foreign company litigating in California would be "substantial.").  All of the

16  Moving Defendants' employees, potential witnesses, and records are located

17  outside of California.  Barbieri Dec., ¶¶ 15, 29, 43; Valenti Dec., ¶ 15.  The Moving

18  Defendants also do not maintain any offices, or have any property in California.  *Id.*

19  As a result, a California forum is not only burdensome, but it is inefficient.  *Gray &*

20  *Co.*, 913 F.2d at 761; FAC, ¶¶ 2-8; *see also Core-Vent*, 11 F.3d at 1489 (noting that

21  the burden on the defendant is the primary concern, and that "the possible burden

22  on the plaintiff does not dilute the strength of this factor;" and that in evaluating

23  efficiency courts looks to "where the witnesses and the evidence are likely to be

24  located").

25    Exercising jurisdiction in this case would also conflict with the sovereignty

26  of the Moving Defendants' states.  "Great care and reserve should be exercised

27  when extending our notions of personal jurisdiction into the international field.

28  Litigation against an alien defendant creates a higher jurisdictional barrier than

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES          107229234 v1                    13.          **DEFENDANTS' NOTICE OF MOTION
                                                                  AND MOTION TO DISMISS
                                                                  14-CV-03299-R (MRWx)**

litigation against a citizen from a sister state because important sovereignty concerns exist." *Core-Vent*, 11 F.3d at 1489 (citations and quotations omitted). Here, sovereignty concerns weigh in the Moving Defendants' favor because their connections to not only California, but the United States are attenuated—they have no officers, affiliates, or subsidiaries in the United States. *Id.*

Finally, the availability of an alternative forum also weighs in favor of the Moving Defendants. Me Renee "bears the burden of proving the unavailability of an alternative forum." *Core-Vent*, 11 F.3d at 1490. Me Renee should be able to bring claims against the Moving Defendants at least in Luxembourg where they were served with this lawsuit and maintain their offices. Dkt. Nos. 11-14; Barbieri Dec., ¶¶ 2-3, 16-17, 30-31; Valenti Dec., ¶¶ 2-3. While "maintenance of a suit in [Luxembourg] may be costly and inconvenient for [Me Renee, Me Renee must] show[] that its [] claims cannot be effectively remedied there" in order to demonstrate Luxembourg is not a suitable forum. *Core-Vent*, 11 F.3d at 1490. In conducting this analysis, neither "the Supreme Court nor our court [the Ninth Circuit] has given much weight to inconvenience to the plaintiff." *Id.* Consequently, unless Me Renee can demonstrate that there is no alternative forum for its claims against the Moving Defendants, this factor also weighs in their favor.

For all for all of these reasons, it would be unreasonable for the Court to exercise jurisdiction over the Moving Defendants in this case. This motion should be granted because exercising jurisdiction over the Moving Defendants would offend traditional notions of fair play and substantial justice.

## IV.   ME RENEE FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Even if the Court determines it can exercise jurisdiction over any of the Moving Defendants, Me Renee's claims against the Moving Defendants should still be dismissed because Me Renee fails to state a viable cause of action against any of them.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1                              14.

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

A.    <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* This is particularly true for fraud claims because the Federal Rules of Civil Procedure require even more: "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding that "Rule 9(b)'s particularity requirement applies to state-law causes of action.").

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. To determine whether a complaint states a claim, a court can consider the contents of the complaint, exhibits to the complaint, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *U.S. v. Ritchie*, 342 F.3d 903, 908 (2003). Dismissal with prejudice is proper if no facts consistent with the original pleading could cure the flaws. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

In short, the Court must dismiss Me Renee's claims against the Moving Defendants if the allegations do not show that Me Renee is entitled to some form of legal relief from them. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Here, dismissal with prejudice

1    is proper because Me Renee's claims are belied by the very terms of the contract

2    attached to the Complaint.

3    **B.    Me Renee's Fraud Claim Is Insufficiently Pled**

4          Under California law, the "elements of a cause of action for fraud are: (1) a

5    misrepresentation, which includes a concealment or nondisclosure; (2) knowledge

6    of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on

7    the misrepresentation; (4) justifiable reliance; and (5) resulting damages." *Cadlo v.*

8    *Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).  These elements must be

9    pled with "particularity".  Fed. R. Civ. Proc. 9(b); *Vess*, 317 F.3d at1103.

10         "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport*

11   *Package Express*, 885 F.2d 531, 540 (9th Cir. 1989).  Rather, a sufficient pleading

12   should include the "time, place, and nature of the alleged fraudulent activities" and

13   "identif[y] the circumstances constituting fraud so that a defendant can prepare an

14   adequate answer from the allegations." *Id.*  When the alleged fraud involves

15   multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple

16   defendants together, but requires plaintiffs to differentiate their allegations when

17   suing more than one defendant…and inform each defendant separately of the

18   allegations surrounding [their] alleged participation in the fraud." *Swartz v. KPMG*

19   *LLP*, 476 F.3d 756, 764−65 (9th Cir. 2007) (citations and quotations omitted).

20         **1.    Me Renee's fraud claim is not pled with particularity**

21         Me Renee's fraud claim consists solely of a laundry list of alleged

22   representations attributed to "the Elite Defendants, and Hennet" without any details

23   of who made the representations, and where and when they were made.  FAC, ¶¶

24   16, 44.  Me Renee does not even identify a single person who allegedly made any

25   representations on behalf of any of the entity defendants.  *Id.*  Additionally, the

26   alleged representations are attributed to a group of defendants, rather than each

27   individual defendant.  *Id.*  Accordingly, Rule 9(b) requires dismissal of the fraud

28   claim because Me Renee has not alleged the "time, place, and nature of the alleged

fraudulent activities," and has improperly "lump[ed] multiple defendants together." *Moore*, 885 F.2d at 540; *Swartz*, 476 F.3d at 764−65.

### 2.   Me Renee does not plead all elements of fraud with respect to SMS, PGM, and Pacific Capital

The fraud claim asserted against SMS, PGM, and Pacific Capital fails for additional reasons.  First, SMS, PGM, and Pacific Capital are not parties to the Settlement Agreement, and cannot be held liable for fraudulently inducing LHG-ULG to enter into the agreement.  FAC, Exh. A.  Second, as Me Renee admits, SMS, PGM, and Pacific Capital were in no way involved in any of the matters involving Me Renee and LHG-ULG until the "spring of 2011," well after the parties entered into the Settlement Agreement in October 2009.  FAC, ¶ 21.  In fact, PGM was not even formed as a company until November 2009.  Barbieri Dec., ¶ 30.  Third, Me Renee does not attribute any alleged misrepresentations to SMS, PGM, and Pacific Capital.  FAC, ¶ 16 ("the Elite Defendants and Hennet made the following representations to LHG-ULG…").  Accordingly, the Court should dismiss the fraud claim against SMS, PGM, and Pacific Capital with prejudice because Me Renee has not alleged and cannot allege that they made any misrepresentations to LHG-ULG, that they attempted to induce reliance on the part of LHG-ULG, or that LHG-ULG justifiably relied on any alleged representations. *Cadlo*, 125 Cal. App. 4th at 519-21.

### C.   Me Renee's Breach of Contract Claim Fails

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Here, Me Renee cannot state a claim for breach of contract against SMS, PGM, and Pacific Capital because they are not parties to the allegedly breached contract, and Me Renee's claim fails as to Elite World because Me Renee does not allege that

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1                                                17.                    DEFENDANTS' NOTICE OF MOTION
                                                                                  AND MOTION TO DISMISS
                                                                                  14-CV-03299-R (MRWx)

Elite World breached any of its obligations under the Settlement Agreement, and Elite World is not a party to the New Licensing Agreement.

**1.    Me Renee cannot state a claim for breach of contract against SMS, PGM, and Pacific Capital because they are not parties to the Settlement Agreement or the New Licensing Agreement**

A plaintiff "cannot assert a claim for breach of contract against one who is not a party to the contract." *Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn.*, 12 Cal. App. 4th 1354, 1359 (1993); *see also Henry v. Associated Indem. Corp.*, 217 Cal. App. 3d 1405, 1416-17 (1990) (affirming dismissal of breach of contract claim because "[t]here was no direct contractual relationship" between plaintiff and defendant); *Ledet v. Cal. Waste Solutions, Inc.*, 2013 U.S. Dist. LEXIS 37214, at *17 (N.D. Cal. Mar. 18, 2013) (noting that "a non-party or non-signatory to a contract cannot be held liable for a breach of that agreement").

Here, the Settlement Agreement—the allegedly breached contract—is between LHG, ULG, Mr. Esebag, Mr. Bertanou, Elite Licensing, Elite Model Management, Elite World, and Mr. Hennet, and the New Licensing Agreement is only between Elite Licensing and LHG.  FAC, ¶¶ 18, 32-36, Exh. A.  SMS, PGM, and Pacific Capital are not parties to either.  *Id.*  Accordingly, Me Renee cannot assert claims against them for breach of the Settlement Agreement or the New Licensing Agreement.  *See Tri-Continent*, 12 Cal. App. 4th at 1359.  The Court should thus dismiss these claims with prejudice.

**2.    Me Renee cannot state a claim for breach of contract against Elite World Because Me Renee does not allege that Elite World Breached any of its duties under the Settlement Agreement, and Elite World is not a party to the New Licensing Agreement**

Me Renee alleges that the Settlement Agreement was breached because the defendants "unreasonably withh[eld] approval of any and all sub-licenses that Renee wished to enter into in violation of Section (1)(b) of the New License

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

18.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS 14-CV-03299-R (MRWx)**

Agreement."  FAC, ¶ 35. Section (1)(b) of the "New License Agreement" provides that "[a]ny Sub-License LHG wishes to enter into must first be approved by ***Elite Licensing*** in writing, such approval not to be withheld unreasonably."  FAC, Exh. A at § II(D)(1)(b) (emphasis added).  This section imposes no duties or obligations on Elite World, a separate and distinct entity from Elite Licensing.  *Id.*  In fact, Elite World is expressly excluded from the New Licensing Agreement, and therefore cannot be held liable for its alleged breach.  *Id.* at § II(D) ("LHG and Elite Licensing hereby enter into a new agreement…"); *see Tri-Continent*, 12 Cal. App. 4th at 1359; CACI Jury Instruction 303, Breach of Contract – Essential Factual Elements (2014) ("To recover damages from [defendant] for breach of contract, [plaintiff] must prove….That [defendant] failed to do something that the contract required [defendant] to do.").  Moreover, the only material obligation imposed on Elite World by the Settlement Agreement is to release certain claims against LHG-ULG.  *See generally* FAC., Exh. A.  Me Renee does not allege that Elite World has breached this obligation.  *See generally* FAC.  As Me Renee has not alleged that Elite World breached any of its duties under the Settlement Agreement, and Elite World is not a party to the New Licensing Agreement, Me Renee cannot proceed with this breach of contract claim against Elite World.

## D.   Me Renee Cannot Maintain Its Claim For Breach Of The Covenant Of Good Faith And Fair Dealing

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement….[T]he implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose...The precise nature and extent of the duty imposed...will depend on the contractual purposes…. A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393-94 (1990) (quotations and citations omitted).  A tort claim for breach

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

19.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**14-CV-03299-R (MRWx)**

of the covenant, however, only lies where there is a "special relationship" between the parties. *Id.* at 1399-1400. Here, Me Renee's breach of the covenant of good faith and fair dealing claim fails for a variety of reasons.

### 1. Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against SMS, PGM, and Pacific Capital because they are not parties to the Settlement Agreement or the New Licensing Agreement

Only parties to a contract may be sued for breach of the covenant of good faith and fair dealing. *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576, 581 (1973) (affirming dismissal of breach of the covenant of good faith and fair dealing claims against defendants who were not parties to the contracts at issue because they are not "subject to an implied duty of good faith and fair dealing"); *see also Henry*, 217 Cal. App. 3d at 1416-17 (1990); *Ledet*, 2013 U.S. Dist. LEXIS 37214 at *17. As explained above, SMS, PGM, and Pacific Capital are not parties to the Settlement Agreement or the New Licensing Agreement. *See* FAC, ¶ 18 , Exh. A. Accordingly, Me Renee cannot sue them for breach of the covenants implied therein, and the Court should dismiss this claim as to SMS, PGM, and Pacific Capital with prejudice.

### 2. Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against any of the Moving Defendant because there is no special relationship between them and Me Renee

Me Renee can only maintain a claim for breach of the covenant of good faith and fair dealing against the Moving Defendants if Me Renee has a "special relationship" with them. *Careau*, 222 Cal. App. 3d at 1399-1400. There is no special relationship where "the transaction [at issue] is [a] quintessential[] ordinary arms-length commercial transaction between two parties of equal bargaining strength, breaches of which are adequately remedied by ordinary contract damages." *Id.* at 1400 (affirming dismissal of plaintiff' breach of the covenant of good faith and fair dealing in a "commercial banking transaction" because there

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1                                    20.                DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

was no special relationship.)  In fact, these claims are generally only allowed in the insurance context.  *Harris v. Wachovia Mortgage, FSB*, 185 Cal. App. 4th 1018, 1023 (2010)  (noting that "[i]n *Freeman & Mills, Inc. v. Belcher Oil Co.* (1995) 11 Cal.4th 85, 44 Cal.Rptr.2d 420, 900 P.2d 669, the California Supreme Court held that the tort of breach of the covenant of good faith and fair dealing applies only in the context of insurance contracts. It established a 'general rule precluding tort recovery for noninsurance contract breach, at least in the absence of violation of 'an independent duty arising from principles of tort law' [citation] other than the bad faith denial of the existence of, or liability under, the breached contract.'")

Here, there is no special relationship between the parties to the Settlement Agreement because the Settlement Agreement resolved a lawsuit filed by LHG, and represents an ordinary arms-length transaction—if anything LHG, as plaintiff in the prior lawsuit, had the upper hand in negotiating the contract.  *See, e.g., id.* (affirming dismissal of breach of the covenant of good faith and fair dealing claim based on a settlement agreement between a lender and borrowers because there was no special relationship).  Consequently, the Court should not permit Me Renee to pursue a breach of the covenant of good faith and fair dealing claim.

> **3.  Me Renee cannot state a claim for breach of the covenant of good faith and fair dealing against any Moving Defendant because the claim is impermissibly duplicative of the breach of contract claim**

Additionally, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau*, 222 Cal. App. 3d at 1394-95 (dismissing duplicative breach of the covenant of good faith and fair dealing claim); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 352 (2000) ("A breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing. But insofar as the [defendant]'s

Cooley LLP
Attorneys At Law
Los Angeles

107229234 v1

21.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

1    acts are directly actionable as a breach of an implied-in-fact contract term, a claim

2    that merely realleges that breach as a violation of the covenant is superfluous.").

3         Me Renee's allegations supporting its claim for breach of the covenant of

4    good faith and fair dealing are identical to the allegations made in the breach of

5    contract claim.  Me Renee claims the Moving Defendants breached the Settlement

6    Agreement by "unreasonably withholding approval of any and all sub-licenses that

7    Renee wished to enter into."  FAC, ¶ 35.  Likewise, Me Renee's premises its breach

8    of the covenant of good faith and fair dealing claim on "Defendants' unreasonable

9    refusal to approve any sublicenses submitted by Renee to Defendant."  *Id.* at ¶ 41.

10   Me Renee also seeks the same remedy on both claims: "Renee has suffered

11   damages in excess of one million dollars according to proof."  *Id.* at ¶¶ 36, 42.

12   Because the breach of the covenant of good faith and fair dealing claim merely

13   parrots Me Renee's breach of contract claim, and because Me Renee seeks the

14   money allegedly due under an express contract, the Court should dismiss the breach

15   of the covenant of good faith and fair dealing claim as duplicative and superfluous.

16   **4.    Me Renee cannot state a claim for breach of the covenant of**
17   **       good faith and fair dealing against Elite World because Me**
18   **       Renee does not allege that Elite World frustrated the**
     **       purpose of its agreement with LHG-ULG**

19        "The covenant of good faith and fair dealing, implied by law in every

20   contract, exists merely to prevent one contracting party from unfairly frustrating the

21   other party's right to receive the *benefits of the agreement actually made*....It

22   cannot impose substantive duties or limits on the contracting parties beyond those

23   incorporated into the specific terms of their agreement."  *Guz*, 24 Cal. 4th at 349-50

24   (emphasis in original).  The only "agreement actually made" in the Settlement

25   Agreement with respect to Elite World is that Elite World would enter into a mutual

26   release of claims with LHG-ULG in exchange for dismissal of the lawsuit LHG

27   filed.  FAC, Exh. A at §§ II(A), (E).  Nowhere does Me Renee make any allegations

28   about frustrating the purpose of this agreement.  *See generally* FAC.  Additionally,

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1                                22.                 **DEFENDANTS' NOTICE OF MOTION**
                                                                **AND MOTION TO DISMISS**
                                                                **14-CV-03299-R (MRWx)**

because Elite World is not a party to the New Licensing Agreement, which is expressly between LHG and Elite Licensing, Elite World is not burdened with any implied covenant with respect to the New Licensing Agreement, and Me Renee cannot use the implied covenant to impose duties on Elite World beyond the duties specifically set forth in the agreement. *Guz*, 24 Cal. 4th at 349-350; *Gruenberg*, 9 Cal. 3d at 576, 581; *Careau*, 222 Cal. App. 3d at 1393-94; FAC, Exh. A, § II(D). As a result, Me Renee should not be able to pursue a breach of the covenant of good faith and fair dealing claim against Elite World.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant this motion, and dismiss the claims against the Moving Defendants with prejudice.

Dated:  June 5, 2014

COOLEY LLP
WILLIAM P. DONOVAN, JR.


/s/ William P. Donovan, Jr.
William P. Donovan, Jr.
Attorneys for Defendants
ELITE WORLD, S.A., S.M.S. FINANCE, S.A., PACIFIC GLOBAL MANAGEMENT, S.A.R.L., AND PACIFIC CAPITAL, S.A.R.L.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

107229234 v1

23.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS
14-CV-03299-R (MRWx)