1    COOLEY LLP

2    WILLIAM P. DONOVAN, JR. (SBN 155881)
     wdonovan@cooley.com
3    1333 2nd Street, Suite 400
     Santa Monica, CA  90401
4    Telephone:   (310) 883-6400
     Facsimile:    (310) 883-6500
5
     ANNE PECK (SBN 124790)
6    peckah@cooley.com
     AARON FENNIMORE (SBN 251602)
7    afennimore@cooley.com
     3175 Hanover Street
8    Palo Alto, CA 94304
     Telephone:   (650) 843-5000
9    Facsimile:    (650) 849-7400

10   MATTHEW D. CAPLAN (SBN 260388)
     mcaplan@cooley.com
11   101 California Street, 5th Floor
     San Francisco, CA  94111-5800
12   Telephone:  (415) 693-2000
     Facsimile:   (415) 693-2222

13
     Attorneys for Defendants
14   ELITE WORLD, S.A., S.M.S. FINANCE,
     S.A., PACIFIC GLOBAL MANAGEMENT,
15   S.A.R.L., PACIFIC CAPITAL, S.A.R.L.,
     ELITE MODEL MANAGEMENT, S.A.R.L.,
16   AND ELITE LICENSING COMPANY, S.A.

17                  UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

19   ME RENEE LLC,                      Case No. 14-cv-03299-R (MRWx)

20              Plaintiff,              *Assigned to the Hon. Manuel L. Real*

21        v.                           **DEFENDANT ELITE LICENSING
                                        COMPANY, S.A.'S NOTICE OF
22   ELITE WORLD, S.A., et al.,         MOTION AND MOTION TO
                                        DISMISS PURSUANT TO
23              Defendants.            FEDERAL RULES OF CIVIL
                                        PROCEDURE 9(b), AND 12(b)(6);
24                                      MEMORANDUM OF POINTS
                                        AND AUTHORITIES IN
25                                      SUPPORT THEREOF**

26                                      Date: August 4, 2014
27                                      Time: 10:00 a.m.
                                        Room: 8
28

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012-4701, defendant Elite Licensing Company, S.A. ("Elite Licensing") will and hereby does move this Court to dismiss the second and third claims for relief asserted against it in plaintiff Me Renee LLC's ("Me Renee") First Amended Complaint ("Complaint" or "FAC") with prejudice pursuant to Federal Rules of Civil Procedure 9(b), and 12(b)(6).

This motion is brought on the grounds that Me Renee fails to state claims for breach of the implied covenant of good faith and fair dealing, and fraud against Elite Licensing. Me Renee's breach of the covenant of good faith and fair dealing claim fails because there is no special relationship between the parties to the contract at issue, and the claim is impermissibly duplicative of Me Renee's breach of contract claim. Additionally, the Court should dismiss Me Renee's fraud claim because it is not pled in accordance with Rule 9(b): Me Renee fails to plead the required details of the alleged fraud with respect to Elite Licensing as there are no allegations detailing who from Elite Licensing made any representations, let alone misrepresentations, or when or where the purported misrepresentations were made.

This motion is based on this notice, the memorandum of points and authorities below, and such other and further papers and arguments as may be submitted to the Court.

Dated: July 1, 2014

COOLEY LLP
WILLIAM P. DONOVAN, JR.

/s/ William P. Donovan, Jr.
William P. Donovan, Jr.
Attorneys for Defendants ELITE WORLD, S.A., S.M.S. FINANCE, S.A., PACIFIC GLOBAL MANAGEMENT, S.A.R.L., PACIFIC CAPITAL, S.A.R.L., ELITE MODEL MANAGEMENT, S.A.R.L., AND ELITE LICENSING COMPANY, S.A.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

# Table of Contents

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   STATEMENT OF FACTS ......................................................... 1

    A.    Prior Litigation Between LHG-ULG And Elite Licensing ................... 1

    B.    Me Renee's Allegations ........................................................ 3

III.  LEGAL STANDARD .................................................................. 4

IV.  ME RENEE'S FRAUD CLAIM IS INSUFFICIENTLY PLED ................... 5

V.   ME RENEE CANNOT MAINTAIN ITS CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING ................... 6

    A.    Me Renee Cannot State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Against Elite Licensing Because There Is No Special Relationship Between The Parties To The Settlement Agreement ............................................ 6

    B.    Me Renee Cannot State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Against Elite Licensing Because The Claim Is Impermissibly Duplicative Of The Breach Of Contract Claim ................................................................ 7

VI.  CONCLUSION ........................................................................ 8

# Table of Authorities

**Page(s)**

## Cases

*Albrecht v. Lund*,
845 F.2d 193 (9th Cir. 1988) ........................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................ 4

*Cadlo v. Owens-Illinois, Inc.*,
125 Cal. App. 4th 513 (2004) .......................................................... 5

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ..................................................... 6, 7

*De La Cruz v. Tormey*,
582 F.2d 45 (9th Cir. 1978) ............................................................ 5

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
11 Cal. 4th 85 (1995) ...................................................................... 7

*Guz v. Bechtel Nat. Inc.*,
24 Cal. 4th 317 (2000) .................................................................... 7

*Harris v. Wachovia Mortgage, FSB*,
185 Cal. App. 4th 1018 (2010) ........................................................ 7

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ........................................................... 4

*Moore v. Kayport Package Express*,
885 F.2d 531 (9th Cir. 1989) ........................................................ 5, 6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir. 1986) ......................................................... 4

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........................................................ 5, 6

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

ii.

1

2

**Table of Authorities**
**Continued**

3

4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,                                    **Page(s)**
 551 U.S. 308 (2007) ........................................................................................4

5

6

*U.S. v. Ritchie*,
 342 F.3d 903 (2003) .......................................................................................4

7

8

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) .....................................................................4, 5

9

**Other Authorities**

10

Federal Rule of Civil Procedure  9 ..................................................................1, 4, 5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

iii.

**ELITE LICENSING'S NOTICE OF**
**MOTION AND MOTION TO DISMISS**
**14-CV-03299-R (MRWx)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In what should amount to at most a breach of contract claim against Elite Licensing—though Elite Licensing denies that there has been any such breach—Me Renee overreaches and attempts to assert claims for breach of the covenant of good faith and fair dealing and fraud without pleading any viable basis for recovery.  Me Renee alleges that Elite Licensing breached the contract at issue by failing to approve certain licensing deals Me Renee proposed to Elite Licensing—while this may be enough to state a claim for breach of contract, the evidence will eventually vindicate Elite Licensing by demonstrating the reasonableness of Elite Licensing's actions.

Based on this exact same alleged conduct, Me Renee also asserts claims for breach of the implied covenant, and fraud, but Me Renee fails to allege why the purported breach of contract should also allow Me Renee to recover in tort.  Me Renee cannot proceed with its breach of the covenant of good faith and fair dealing claim because there is no special relationship between the parties to the contract at issue, and the claim is impermissibly duplicative of the alleged breach of contract. Additionally, Me Renee's fraud claim is insufficiently pled under Rule 9(b) because Me Renee does not identify who made any representations on behalf of Elite Licensing, nor does Me Renee allege when or where any purported misrepresentations were made.  The Court should, therefore, dismiss Me Renee's overpled tort claims with prejudice.

## II.   STATEMENT OF FACTS

### A.   Prior Litigation Between LHG-ULG And Elite Licensing

Non-party Licensing Holding Group, LLC ("LHG") and Elite Licensing entered into an "International Licensing Agreement" in February 2008 in which "Elite Licensing licensed to LHG the right to exploit Elite trademarks in connection with fashion products in the United States."  FAC, Exh. A at § I(A).  LHG and Elite

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

Licensing also had two other licensing agreements "pursuant to which Elite Licensing licensed to LHG the right to exploit Elite trademarks in connection with shampoo," and "the right to use and exploit the Elite trademarks in connection with 'Elite Fashion Academies.'" *Id.* at §§ I(B), I(C).

In August 2009 LHG, along with non-parties United Licensing Group, Inc., Jimmy Esebag, and Patrick Bertranou (collectively, "LHG-ULG") sued Elite Licensing, Elite Model Management, S.A.R.L., Elite World, S.A., and Bernard Hennet for fraud, and negligent misrepresentation with respect to these licensing agreements despite the fact that only LHG and Elite Licensing were parties to the agreements. *Id*. at § I(E); FAC, ¶ 15.

The parties to that lawsuit entered into a settlement agreement in October 2009. FAC, ¶ 18, Exh. A (the "Settlement Agreement"). Under the terms of the Settlement Agreement, all of the parties to the agreement—LHG, United Licensing Group, Inc., Jimmy Esebag, Patrick Bertranou, Elite Licensing, Elite Licensing, Mr. Hennet, and Elite World—released all claims against each other "from the beginning of time to October 23, 2009," and terminated any "agreements of any kind existing between" them. FAC, ¶ 18, Exh. A at §§ II(A), II(B).

In exchange for the release, Elite Licensing agreed to appoint LHG as a "non-exclusive broker" to "find new licensees of Elite Licensing," and Elite Licensing and LHG entered into the New Licensing Agreement. FAC, ¶ 18, Exh. A at §§ II(C), II(D) ("LHG and Elite Licensing hereby enter into a new agreement ('New License')."). Under the terms of the New Licensing Agreement, Elite Licensing "grant[ed] to LHG the right to act as a so-called 'Master Licensee' of the trademarks registered by Elite Licensing solely for the purpose of sub-licensing to third parties the right to create, open and operate Elite Fashion Academies (the 'Sub-License(s)')" subject to certain "terms and conditions." FAC, Exh. A at § II(D)(1). Pertinent to this lawsuit, those terms and conditions include:

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

- "Any Sub-License that LHG wishes to enter into must first be approved by Elite Licensing in writing, such approval not to be withheld unreasonably." *Id.* at § II(D)(1)(b); and
- "The territory of this New License is the world excluding China and Hong Kong." *Id.* at § II(D)(1)(a).

Additionally, the New Licensing Agreement contemplates a "separate long-form agreement on these terms" between Elite Licensing and LHG. *Id.* at § II(D)(2). This lawsuit arises from an alleged breach of the New Licensing Agreement.

## B. Me Renee's Allegations

Me Renee claims that LHG-ULG assigned their rights under the Settlement Agreement to Me Renee, including related tort claims. FAC, ¶ 19. Me Renee asserts claims, standing in LHG-ULG's shoes, against all defendants for breach of the Settlement Agreement—entirely premised on an alleged breach of the New Licensing Agreement—breach of the covenant of good faith and fair dealing, and fraud. FAC, ¶¶ 32-50.

Me Renee alleges that the Settlement Agreement was breached because Elite Licensing "unreasonably withh[eld] approval of any and all sub-licenses that Renee wished to enter into in violation of Section (1)(b) of the New License Agreement." FAC, ¶ 35. Similarly, Me Renee claims that Elite Licensing breached the covenant of good faith and fair dealing by "unreasonabl[y] refus[ing] to approve any sublicenses submitted by Renee to Defendant." FAC, ¶ 41.

Finally, Me Renee alleges that all of the defendants fraudulently induced LHG-ULG into entering into the Settlement Agreement. *Id.* at ¶¶ 43-50. But, Me Renee only attributes alleged representations to "the Elite Defendants and Hennet." *Id.* at ¶ 16. Me Renee does not allege who made what representations to LHG-ULG on behalf of the entity defendants, or where or when any of the representations were made. *Id.* at ¶¶ 16, 44.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3.

**ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWX)**

1    Elite Licensing now moves to dismiss Me Renee's claims for breach of the

2    covenant of good faith and fair dealing, and fraud.

3    **III.   LEGAL STANDARD**

4    "To survive a motion to dismiss, a complaint must contain sufficient factual

5    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A

6    claim has facial plausibility when the plaintiff pleads factual content that allows the

7    court to draw the reasonable inference that the defendant is liable for the

8    misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

9    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  This

10   "demands more than an unadorned, the-defendant-unlawfully-harmed-me

11   accusation." *Id.*  This is particularly true for fraud claims because the Federal Rules

12   of Civil Procedure require even more: "a party must state with particularity the

13   circumstances constituting fraud."  Fed. R. Civ. Proc. 9(b); *see also Vess v. Ciba-*

14   *Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding that "Rule 9(b)'s

15   particularity requirement applies to state-law causes of action.").

16   "Determining whether a complaint states a plausible claim for relief" is "a

17   context-specific task that requires the reviewing court to draw on its judicial

18   experience and common sense." *Iqbal*, 556 U.S. at 679.  To determine whether a

19   complaint states a claim, a court can consider the contents of the complaint, exhibits

20   to the complaint, documents incorporated into the complaint by reference, and

21   matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights,*

22   *Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688

23   (9th Cir. 2001); *U.S. v. Ritchie*, 342 F.3d 903, 908 (2003).  Dismissal with prejudice

24   is proper if no facts consistent with the original pleading could cure the flaws.

25   *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

26   1986).

27   In short, the Court must dismiss Me Renee's claims against Elite Licensing if

28   the allegations do not show that Me Renee is entitled to some form of legal relief.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES
4.
**ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)**

1   *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *De La Cruz v. Tormey*, 582

2   F.2d 45, 48 (9th Cir. 1978).

## IV.   ME RENEE'S FRAUD CLAIM IS INSUFFICIENTLY PLED

Under California law, the "elements of a cause of action for fraud are: (1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). These elements must be pled with "particularity". Fed. R. Civ. Proc. 9(b); *Vess*, 317 F.3d at1103.

"[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989). Rather, a sufficient pleading should include the "time, place, and nature of the alleged fraudulent activities" and "identif[y] the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Id.* When the alleged fraud involves multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant…and inform each defendant separately of the allegations surrounding [their] alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764−65 (9th Cir. 2007) (citations and quotations omitted).

Me Renee's fraud claim consists solely of a laundry list of alleged representations attributed to "the Elite Defendants, and Hennet" without any details of who made the representations, and where and when they were made. FAC, ¶¶ 16, 44. Me Renee does not even identify a single person who allegedly made any representations on behalf of any of the entity defendants. *Id.* Additionally, the alleged representations are attributed to a group of defendants, rather than each individual defendant. *Id.* Accordingly, Rule 9(b) requires dismissal of the fraud claim because Me Renee has not alleged the "time, place, and nature of the alleged

fraudulent activities," and has improperly "lump[ed] multiple defendants together." *Moore*, 885 F.2d at 540; *Swartz*, 476 F.3d at 764−65.

## V.   ME RENEE CANNOT MAINTAIN ITS CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement….[T]he implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose...The precise nature and extent of the duty imposed...will depend on the contractual purposes…. A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393-94 (1990) (quotations and citations omitted).  A tort claim for breach of the covenant, however, only lies where there is a "special relationship" between the parties.  *Id.* at 1399-1400.  Here, Me Renee's breach of the covenant of good faith and fair dealing claim fails because there is no special relationship, and because it is duplicative of Me Renee's breach of contract claim.

### A.   Me Renee Cannot State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Against Elite Licensing Because There Is No Special Relationship Between The Parties To The Settlement Agreement

Me Renee can only maintain a claim for breach of the covenant of good faith and fair dealing against Elite Licensing if there is a "special relationship" between the parties to the contract at issue.  *Careau*, 222 Cal. App. 3d at 1399-1400.  There is no special relationship where "the transaction [at issue] is [a] quintessential[] ordinary arms-length commercial transaction between two parties of equal bargaining strength, breaches of which are adequately remedied by ordinary contract damages."  *Id.* at 1400 (affirming dismissal of plaintiff' breach of the covenant of good faith and fair dealing in a "commercial banking transaction" because there was no special relationship.)  In fact, such breach claims are generally

Cooley LLP
Attorneys At Law
Los Angeles

6.

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)

1   only allowed in the insurance context.  *Harris v. Wachovia Mortgage, FSB*, 185

2   Cal. App. 4th 1018, 1023 (2010)  (noting that "[i]n *Freeman & Mills, Inc. v.*

3   *Belcher Oil Co.* (1995) 11 Cal.4th 85, 44 Cal.Rptr.2d 420, 900 P.2d 669, the

4   California Supreme Court held that the tort of breach of the covenant of good faith

5   and fair dealing applies only in the context of insurance contracts. It established a

6   'general rule precluding tort recovery for noninsurance contract breach, at least in

7   the absence of violation of 'an independent duty arising from principles of tort law'

8   [citation] other than the bad faith denial of the existence of, or liability under, the

9   breached contract.'")

10      Here, there is no special relationship between the parties to the Settlement

11   Agreement because the Settlement Agreement resolved a lawsuit filed by LHG, and

12   represents an ordinary arms-length transaction—if anything LHG, as plaintiff in the

13   prior lawsuit, had the upper hand in negotiating the contract.  *See, e.g., id.*

14   (affirming dismissal of breach of the covenant of good faith and fair dealing claim

15   based on a settlement agreement between a lender and borrowers because there was

16   no special relationship).  Consequently, the Court should not permit Me Renee to

17   pursue a breach of the covenant of good faith and fair dealing claim.

18   **B.    Me Renee Cannot State A Claim For Breach Of The Covenant Of**
       **Good Faith And Fair Dealing Against Elite Licensing Because The**
19       **Claim Is Impermissibly Duplicative Of The Breach Of Contract**
       **Claim**
20

21      Additionally, "[i]f the allegations do not go beyond the statement of a mere

22   contract breach and, relying on the same alleged acts, simply seek the same

23   damages or other relief already claimed in a companion contract cause of action,

24   they may be disregarded as superfluous as no additional claim is actually stated."

25   *Careau*, 222 Cal. App. 3d at 1394-95 (dismissing duplicative breach of the

26   covenant of good faith and fair dealing claim); *see also Guz v. Bechtel Nat. Inc.*, 24

27   Cal. 4th 317, 352 (2000) ("A breach of the contract may also constitute a breach of

28   the implied covenant of good faith and fair dealing. But insofar as the [defendant]'s

1   acts are directly actionable as a breach of an implied-in-fact contract term, a claim

2   that merely realleges that breach as a violation of the covenant is superfluous.").

3       Me Renee's allegations supporting its claim for breach of the covenant of

4   good faith and fair dealing are identical to the allegations made in the breach of

5   contract claim.  Me Renee claims the defendants breached the Settlement

6   Agreement by "unreasonably withholding approval of any and all sub-licenses that

7   Renee wished to enter into."  FAC, ¶ 35.  Likewise, Me Renee's premises its breach

8   of the covenant of good faith and fair dealing claim on "Defendants' unreasonable

9   refusal to approve any sublicenses submitted by Renee to Defendant."  *Id.* at ¶ 41.

10  Me Renee also seeks the same remedy on both claims: "Renee has suffered

11  damages in excess of one million dollars according to proof."  *Id.* at ¶¶ 36, 42.

12  Because the breach of the covenant of good faith and fair dealing claim merely

13  parrots Me Renee's breach of contract claim, and because Me Renee seeks the

14  money allegedly due under an express contract, the Court should dismiss the breach

15  of the covenant of good faith and fair dealing claim as duplicative and superfluous.

16  **VI.   CONCLUSION**

17      For the foregoing reasons, the Court should grant this motion, and dismiss

18  the breach of the covenant of good faith and fair dealing, and fraud claims against

19  Elite Licensing with prejudice.

20  Dated:  July 1, 2014                COOLEY LLP
                                        WILLIAM P. DONOVAN, JR.
21

22                                      /s/ William P. Donovan, Jr.
                                        _____
23                                      William P. Donovan, Jr.
                                        Attorneys for Defendants ELITE WORLD,
24                                      S.A., S.M.S. FINANCE, S.A., PACIFIC
                                        GLOBAL MANAGEMENT, S.A.R.L.,
25                                      PACIFIC CAPITAL, S.A.R.L., ELITE
                                        MODEL MANAGEMENT, S.A.R.L.,
        108391245 v1                    AND ELITE LICENSING COMPANY,
26                                      S.A.

27

28

Cooley LLP
Attorneys At Law
Los Angeles

8.

ELITE LICENSING'S NOTICE OF
MOTION AND MOTION TO DISMISS
14-CV-03299-R (MRWx)