UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ME RENEE LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELITE WORLD, S.A., et al.,<br><br>　　　　　　Defendants. | Case No. 14-cv-03299-R (MRWx)<br><br>*Assigned to the Hon. Manuel L. Real*<br><br>**UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

# FINDINGS OF FACT

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] UNCONTROVERTED FINDINGS OF
FACT AND CONCLUSIONS OF LAW
14-CV-03299-R (MRWx)

1. On October 23, 2009, Licensing Holding Group, LLC ("LHG"), United Licensing Group, Inc., Jimmy Esebag, Patrick Bertranou, Elite Licensing Company, S.A. ("Elite Licensing"), Elite World, S.A., Elite Model Management, S.A.R.L., and Bernard Hennet entered into a settlement agreement. As part of the settlement agreement, LHG and Elite Licensing entered into a "New License Agreement for Elite Fashion Academies" (the "New License Agreement").

2. Section 1 of the New License Agreement provides that "Elite Licensing hereby grants to LHG the right to act as a so-called 'Master Licensee' of the trademarks registered by Elite Licensing solely for the purpose of sub-licensing to third parties the right to create, open and operate Elite Fashion Academies."

3. Section I, part C of the settlement agreement also states that "LHG and Elite Licensing are also parties to a license agreement pursuant to which Elite Licensing licensed to LHG the right to use and exploit Elite trademarks in connection with 'Elite Fashion Academies.'"

4. Plaintiff Me Renee LLC ("Me Renee") claims that sometime after October 23, 2009 LHG and United Licensing Group, Inc. assigned all their interests in the settlement agreement and the New License Agreement, including all contractual rights and obligations therein, to Me Renee.

5. Elite Licensing has an interest in maintaining the goodwill, quality, and value of its products and trademarks. In fact, in an e-mail dated May 9, 2011, Paul Johnston wrote on behalf of Elite Licensing to Renee Esebag with respect to "the Agreement entered into between Elite and LHG" that "we put great emphasis in protecting the brand and ensuring that its use is strictly in accordance with ou[r] group wide licensing policy."

6. Me Renee provided no direct evidence or testimony that either Me Renee or LHG ever told Elite Licensing of the alleged assignment or that Elite Licensing ever approved the alleged assignment. In fact, Ms. Esebag, testifying in deposition on behalf of Me Renee, admitted that she never told Elite Licensing

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

UNCONTROVERTED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
14-CV-03299-R (MRWx)

about the alleged assignment.

7. Elite Licensing did not approve the alleged assignment.

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23(1986).

2. Once the moving party meets its initial burden of showing there is no genuine issue of material fact the opposing party has the burden of producing competent evidence and cannot rely on mere allegations of denials in the pleadings. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

3. Trademark licenses involve the grant of permission to use a mark, and retention of quality control by the mark's owner over the licensee's use of the mark. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 992 (9th Cir. 2006)

4. The New License Agreement constitutes a trademark license.

5. Trademark licenses cannot be assigned without the licensor's consent. *In re N.C.P. Mktg. Grp., Inc.*, 337 B.R. 230, 237 (D. Nev. 2005) *aff'd*, 279 F. App'x 561 (9th Cir. 2008); *Miller*, 454 F.3d at 992-93.

6. Elite Licensing is entitled to judgment as a matter of law because Elite Licensing did not approve the alleged assignment of the New License Agreement to Me Renee, and without an effective assignment, Me Renee cannot sue under the New License Agreement because Me Renee was not a party to the contract.

Dated: JANUARY 8, 2015

_____
*Hon. Manuel L. Real*
United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

UNCONTROVERTED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
14-CV-03299-R (MRWx)